No. 25-10673-C

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

---

ROBERT BUMGARDNER, ET AL.,

*Appellants*,

v.

FORENSIC PATHOLOGY SERVICES, P.C., ET AL.,

*Appellees.*

Appeal from the United States District Court
for the Northern District of Georgia

No. 1:22-CV-01314-JPB

---

**APPELLEES' MOTION FOR LEAVE TO FILE SURREPLY**

---

AARON M. KAPPLER
Georgia Bar No. 272533
MICHAEL B. PUGH
Georgia Bar No. 150170
MISHAEL K. NAJM
Georgia Bar No. 747961

THOMPSON, O'BRIEN,
KAPPLER & NASUTI, P.C.
2 Sun Court, Suite 400
Peachtree Corners, Georgia 30092
akappler@tokn.com; mpugh@tokn.com; mnajm@tokn.com
Telephone: (770) 925-0111
*Attorneys for Appellees*
Forensic Pathology Services, P.C., et al.

No. 25-10673-C

Robert Bumgardner et al., v. Forensic Pathology Services, P.C. et al.

COME NOW Forensic Pathology Services, P.C., et al., Appellees in the above-styled matter, and incorporate this Certificate of Interested Persons and Corporate Disclosure Statement in accordance with F.R.A.P. 26.1 and 11th Cir. R. 26.1-2. as follows:

## CERTIFICATE OF INTERESTED PERSONS

The following is a complete list of trial judges, attorneys, persons, associations of persons, firms, partnerships, corporations, or entities that may have an interest in the outcome of this case or appeal:

Boulee, J. P., U.S. District Judge, Northern District of Georgia.

Bryant, Ashley, Appellant.

Bumgardner, Robert, Appellant.

Bureta, Leslie, Appellant.

Byers, Shannon, Appellant.

Estes, Chase E., Counsel for Appellant.

Forensic Pathology Services, P.C., Appellee.

Gwinnett County, Georgia.[1]

---

[1]    Out of an abundance of caution, Appellees identify Gwinnett County ("County"), Georgia, as an interested entity as Forensic Pathology Services, P.C. and Dr. Terry have a contract to serve as the County Medical Examiner.

C-2 of 1

Harrison, Larry Leon, Appellant.

HKM Employment Attorneys, LLP, Counsel for Appellants.

Kappler, Aaron M., Counsel for Appellees.

Long, Victor, Appellant.

Najm, Mishael K., Counsel for Appellees.

O'Brien, J. Patrick., Counsel for Appellees.

Pugh, Michael B., Counsel for Appellees.

Terry, Carol A., M.D., Appellee.

Thompson, O'Brien, Kappler & Nasuti, P.C., Counsel for Appellees.

Volkadov, Shannon, Plaintiff in Case.[2]

Walker, Jermaine "Jay" A., Counsel for Appellant.

Williams, Dallas, Plaintiff in Case.[3]

## **CORPORATE DISCLOSURE STATEMENT**

No party is a publicly traded corporation.

---

[2]    Ms. Volkadov did not appeal.

[3]    Mr. Williams voluntarily dismissed his claims on February 20, 2023. The Parties and district court were operating as if Mr. Williams' Notice of Dismissal was effective. On April 4, 2025, upon consideration of the Parties' Motion, the district court amended the Judgment to dismiss Dallas Williams' claims. See Docs. 123, 146. As such, out of an abundance of caution, Appellees identify Mr. Williams. On June 23, 2025, this Court determined that it has jurisdiction to consider this appeal. See Doc. 27.

COME NOW Forensic Pathology Services, P.C., et al., Appellees in the above-styled matter, and respectfully request leave to file a Surreply responding to Appellants' Reply Brief so Appellees may be given an opportunity to respond to issues and arguments raised by Appellants for the <u>first time</u> in their Reply. <u>See</u> Sections I, II, and III of Appellants' Reply Brief.

Appellants appealed the district court's denial of their motion for judgment notwithstanding the verdict claiming that the jury did not have legally sufficient evidence to find that Appellants were administratively exempt employees. As part of their appeal, Appellants focus solely on both the second and third prong of the administrative exemption, claiming that Appellees failed to meet their burden of proof: (i) that the Appellants' **primary duty** involved the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers **and** (ii) that the Appellants' **primary duty** involved the exercise of discretion and independent judgment with respect to matters of significance. The FLSA and related regulations advise that work "directly related to the management or general business operations," includes, but is not limited to, certain

functional areas, such as legal and regulatory compliance. 29 CFR § 541.201(b).

For the first time on Reply, Appellants are raising entirely new arguments and new issues that were not preserved at trial nor raised in their prior briefing. For instance, Appellants contend that the Appellants' compliance with the Georgia Death Investigation Act, a **primary component** of their job, does not constitute the performance of office or non-manual work directly related to the management or general business operations of Appellee, Forensic Pathology Services, P.C. <u>See</u> Appellants' Reply Brief, p. 1, 4, 5, 6. Nowhere in Appellants' Principal Brief do they address Appellants' legal and regulatory compliance with the Georgia Death Investigation Act. <u>See</u> Appellants' Principal Brief, p. 26-27. Because these issues were raised for the very first time in the Appellants' Reply, it should not be considered by this Court; however, Appellees are compelled to respond out of an abundance of caution.

Strangely, the record is rife with each Appellant testifying to his or her adherence to the Georgia Death Investigation Act and the primacy of that function. Moreover, Appellants never objected to, and in fact participated in the drafting of, the jury charge that specifically includes

"legal and regulatory compliance" as part of the charge on administrative exemption, nor to the inclusion of the jury charge that contained the Georgia Death Investigation Act.

Even during jury deliberations, when the jury asked the Court to define legal and regulatory compliance further in the context of this exemption, Appellants' Counsel provided no such definition nor any objection. Instead, Appellants' Counsel *consented* to the response provided by the district court to the jury. Having consented to the district court's answer, Appellants cannot now argue something entirely different.

Furthermore, Appellants spend several pages of their Reply Brief claiming, for the first time, that Appellants were "production" as opposed to "administration" employees as articulated in the production/administration dichotomy when determining whether Appellants primary duties were directly related to the management or general business operations of Appellee Forensic Pathology Services, P.C. See Appellants' Reply Brief, p. 5, 6, 7, 8.

At no point during the charge conference did Appellants' Counsel raise the production/administration distinction or offer the legal authority now being offered to distinguish a production employee from an

administrative employee when considering the above-referenced second prong of the exemption. Moreover, Appellants' Reply Brief now contains, in great detail, the inclusion of non-binding authority that is distinguishable on numerous grounds from the case at bar. In fact, in Appellants' four-page argument section of their Principal Brief, Appellants *make only a passing indirect reference to the production/administration dichotomy*. <u>See</u> Appellants' Principal Brief, p. 26. The production/administration dichotomy is just one analytical, flexible tool that can be utilized in evaluating the second prong of the administrative exemption. Moreover, the production/administration dichotomy is not a one-size fits all method. Appellees should be permitted an opportunity to fully respond to this new argument too, to the extent they have to respond.

Appellants further suggest, for the first time, that the Georgia Death Investigation Act does not "create" discretionary authority concerning management or general business operations, but rather merely "prescribes" investigative procedures and as such, the third prong of the exemption is not met. <u>See</u> Appellants' Principal Brief, p. 27-29.

Raising these arguments for the first time, without preserving them at trial, should preclude Appellants from making those arguments; but at

a minimum, it warrants granting Appellees an adequate opportunity to effectively respond.

Courts routinely grant Surreplies to address new arguments raised in a Reply. See Rawls v. Trans Union, LLC, 2025 U.S. Dist. LEXIS 14868 (N.D. Ga. 2025); Bbig Real Est., LLC v. Wilmington Trust, N.A., 2024 U.S. Dist. LEXIS 224635 (N.D. Ga. 2024); Wesley v. Austal USA, LLC, 2018 U.S. Dist. LEXIS 105618 (S.D. Ala. 2018).

Moreover, this Court has long established that arguments raised for the first time in a Reply Brief are not properly before this Court. See Hall v. Coram Healthcare Corp., 157 F.3d 1286 (11th Cir. 1998) (this Court found that the district court *did not* abuse its discretion in dismissing appellants state law claims because they pleaded the necessary elements under state law because the argument was raised for the first time in their reply brief in response to the appellees' contention that the district court properly dismissed the pendent state law claims); Miccosukee Tribe of Indians of Fla v. Cypress, 814 F.3d 1202, 1210-11 (11th Cir. 2015) (an appellant who does not raise an issue in his opening brief may not do so in his reply brief, in a supplemental brief, in a rehearing petition or on a remand from the Supreme Court); United States v. Durham, 795 F.3d 1329, 1330 (11th Cir.

2015) (the Court softened this "longstanding rule" to <u>only</u> allow "an appellant to raise an argument omitted from an opening brief when an intervening Supreme Court opinion overruled existing circuit law.")(emphasis added).

Appellees request that they be permitted leave to file a Surreply to respond to Appellants' new arguments to avoid prejudice and allow the Court the full benefit of the Parties' arguments. Moreover, Appellees request that they be given an opportunity to provide additional briefing that demonstrates that Appellants' new arguments ought not to be considered by the Court. For good cause and the reasons stated above, Appellees request that their Motion be granted.[4]

*[Execution on Following Page]*

---

[4]     Appellees are in receipt of the Notice of Paper Copies Requested on September 24, 2025 and respectfully ask that upon the granting of this Motion, the Notice be re-issued after Appellees file their Surreply.

RESPECTFULLY SUBMITTED this September 29, 2025.

/s/ Aaron M. Kappler
**AARON M. KAPPLER**
Georgia Bar No. 272533
**MICHAEL B. PUGH**
Georgia Bar No. 150170
**MISHAEL K. NAJM**
Georgia Bar No. 747961

THOMPSON, O'BRIEN, KAPPLER & NASUTI, P.C.
2 Sun Court, Suite 400
Peachtree Corners, Georgia 30092
Telephone: 770-925-0111
akappler@tokn.com/ mpugh@tokn.com/ mnajm@tokn.com
*Counsel for Appellees Forensic Pathology Services, P.C., et al.*

## <u>CERTIFICATE OF COMPLIANCE</u>

This document complies with the typeface and style requirements of FRAP 32(a)(5) and FRAP 32(a)(6), the requirements of FRAP 27 and of 11th Cir. R. 27-1.

RESPECTFULLY SUBMITTED this September 29, 2025.

*/s/ Aaron M. Kappler*
**AARON M. KAPPLER**
Georgia Bar No. 272533
**MICHAEL B. PUGH**
Georgia Bar No. 150170
**MISHAEL K. NAJM**
Georgia Bar No. 747961

THOMPSON, O'BRIEN, KAPPLER & NASUTI, P.C.
2 Sun Court, Suite 400
Peachtree Corners, Georgia 30092
Telephone: 770-925-0111
akappler@tokn.com/ mpugh@tokn.com/ mnajm@tokn.com
*Counsel for Appellees Forensic Pathology Services, P.C., et al.*

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have this day served the foregoing Appellees' Motion For Leave To File Surreply with the Clerk of Court using the CM/ECF system, properly addressed to:

<table>
<tr><td>Jermaine A. Walker</td><td>Chase Estes</td></tr>
<tr><td>HKM Employment Attorneys LLP</td><td>HKM Employment Attorneys LLP</td></tr>
<tr><td>3344 Peachtree Rd. NE, Suite 800</td><td>2024 3rd Ave. North, Suite 212</td></tr>
<tr><td>Office No. 35</td><td>Birmingham, Alabama 35203</td></tr>
<tr><td>Atlanta, GA 30326</td><td>cestes@hkm.com</td></tr>
<tr><td>jwalker@hhm.com</td><td><em>Attorney for Appellants</em></td></tr>
<tr><td><em>Attorney for Appellants</em></td><td></td></tr>
</table>

RESPECTFULLY SUBMITTED this September 29, 2025.

<em>/s/ Aaron M. Kappler</em>
**AARON M. KAPPLER**
Georgia Bar No. 272533
**MICHAEL B. PUGH**
Georgia Bar No. 150170
**MISHAEL K. NAJM**
Georgia Bar No. 747961

THOMPSON, O'BRIEN, KAPPLER & NASUTI, P.C.
2 Sun Court, Suite 400
Peachtree Corners, Georgia 30092
Telephone: 770-925-0111
akappler@tokn.com/mpugh@tokn.com/mnajm@tokn.com
<em>Counsel for Appellees Forensic Pathology Services, P.C., et al.</em>