APPEAL NO. 25-10673-CC
IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

ROBERT BUMGARDNER, ET. AL.,
Appellants/Plaintiffs

v.

FORENSIC PATHOLOGY SERVICES, P.C. ET. AL.,
Appellees/Defendants

_____

Appeal from the United States District Court
for the Northern District of Georgia
Civil Action File No. 1:22-CV-01314-JPB

_____

**APPELLANTS' RESPONSE IN OPPOSITION TO APPELLEES' MOTION
FOR LEAVE TO FILE SUR-REPLY**
_____

Jermaine "Jay" A. Walker
HKM Employment Attorneys LLP
3344 Peachtree Road NE, Suite 800
Atlanta, GA 30326
(e-mail) jwalker@hkm.com
(t) 404-301-4020

Chase Estes
HKM Employment Attorneys LLP
2024 3rd Ave. N, Suite 212
Birmingham, AL 35203
(e-mail) cestes@hkm.com
(t) 205-855-5284

# APPELLANTS' CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1-1 through 26.1-5 the undersigned attorneys of record for the above-captioned Appellants hereby certify that the following list of persons and entities have an interest in the outcome of this particular appeal:

1. Boulee, J.P., United States District Judge, Northern District of Georgia.

2. Bryant, Ashley, Appellant.

3. Bumgardner, Robert, Appellant.

4. Bureta, Leslie, Appellant.

5. Byers, Shannon, Appellant.

6. Estes, Chase, Counsel for Appellants.

7. Forensic Pathology Services, P.C. Appellee.

8. Gwinnett County, Georgia.[1]

9. Harrison, Larry Leon, Appellant.

10. HKM Employment Attorneys, LLP, the law firm representing Appellants.

11. Kappler, Aaron M., Counsel for Appellees.

---

[1] Gwinnett County, Georgia was not a party to the matter before the United States District Court for the Northern District of Georgia in Civil Action File No. 1:22-CV-01314-JPB or a party to this appeal before the 11th Circuit. Forensic Pathology Services, P.C. maintains a contract with Gwinnett County, Georgia to provide medical examiner services.

12. Long, Victor, Appellant.

13. Najm, Mishael K., Counsel for Appellees.

14. O'Brien, J. Patrick, Counsel for Appellees.

15. Pugh, Michael B. Counsel for Appellees.

16. Terry, Carol A. M.D., Appellee.

17. Thompson, O'Brien, Kappler & Nasuti, P.C., Counsel for Appellees.

18. Volkadov, Shannon, Plaintiff.[2]

19. Walker, Jermaine "Jay" A., Counsel for Appellants.

---

[2] Ms. Volkadov was a Plaintiff in the matter before the United States District Court for the Northern District of Georgia Civil Action File No. 1:22-CV-01314-JPB. Ms. Volkodav is not a party to this appeal before the 11th Circuit.

**COME NOW**, Robert Bumgardner, Ashley Bryant, Leslie Bureta, Shannon Byers, Larry Leon Harrison and Victor Long ("Appellants") through their undersigned attorneys to hereby respond in opposition to the Appellees Forensic Pathology Services, P.C. and Carol A. Terry, M.D. ("Appellees") Motion for Leave to File Sur-reply, filed on September 29, 2025.

The Federal Rules of Appellate Procedure and this Court's Local Rules do not contemplate the filing of a sur-reply in ordinary appellate briefing. FRAP 28(a)-(c) makes clear that briefing in an appeal is limited to an Appellant's opening brief, an Appellee's response brief, and an Appellant's reply brief, and that "[u]nless the court permits, no further briefs may be filed." A party seeking to file a sur-reply must show "compelling circumstances," Brown v. City of Dunwoody, No. 1:11-cv-2448-AT, 2013 WL 12106332, at *8 (N.D. Ga. June 6, 2013) (Totenberg, J.), because allowing sur-replies as a regular practice would "put the court in the position of refereeing an endless volley of briefs," Garrison v. N.E. Ga. Med. Ctr, Inc., 66 F. Supp. 2d 1336, 1340 (N.D. Ga. 1999).

Appellees' Motion for Leave to File a Sur-Reply must be denied, as they have not met their burden to establish any compelling circumstances justifying further briefing. Although Appellees point to three purportedly "new" arguments in the Reply Brief (Doc. 33), the arguments they reference are not new. Courts in this Circuit routinely deny leave to file sur-replies in such circumstances. See, e.g., Murphy

1

v. CitiMortgage, Inc., 2018 WL 10333829, at *3 n.4 (N.D. Ga. Jan. 31, 2018) (denying leave to file sur-reply where reply brief contained no new arguments, but merely reiterated points made in a related brief). Second, in their Motion for Leave to File a Sur-Reply, Appellees contend that Appellants failed to address issues of legal and regulatory compliance under the Georgia Death Investigation Act, particularly as they relate to whether Appellees' primary duties were directly connected to management or general business operations (Doc. 38 p. 6), to the contrary Appellants' Principal Brief squarely addressed this issue and argued that "[t]he trial record overwhelmingly demonstrates, without raising a substantial conflict, that Plaintiffs' primary duties, that is, the principal, main or most important duties they performed were manual, field-based, and investigative in nature, not office or non-manual work. (Doc. 28, p. 35-36 ) In turn, in its Response Brief Appellees took the opposite position contending that Appellants' primary duties involved the performance of office or on-manual work related to Appellee FPS's Business Operations, and in doing so they cited to 29 CFR §541.201 and in doing so expressly cited to legal and regulatory compliance  (i.e. conformance with the GDI) and squarely relied on this argument for the proposition that Appellants were performing work directly related to mandatory or general business operations.  (Doc. 31, p. 50-55, and 66) (stating that "[the evidence shows that Appellants primarily performed office or non-manual work directly related to FPS' legal and regulatory compliance with the Georgia

2

Death Investigation Act."). In its reply, Appellants responded to this argument in rebuttal to Appellees' Opposition (Doc. 33, p. 9-15), This is a standard and customary practice that does not satisfy the extraordinary circumstances threshold required to permit the filing of a sur-reply brief. See Chemence Med. Prods., Inc. v. Medline Indust., Inc., 119 F. Supp. 3d 1376, 1383 (N.D. Ga. 2015) (denying leave to file sur-reply where "new" arguments in the reply merely responded to arguments raised in the response). See also, Parker v. Selene Fin., LP, 2024 WL 3833853 (N.D. Ga. July 8, 2024), report and recommendation adopted, 2024 WL 4251742 (N.D. Ga. July 26, 2024) at *2 (holding that "[a]bsent extraordinary circumstances, . . . sur-replies are not allowed.").

In their Motion for Leave to File Sur-reply Appellees assert that "Appellants rais[ed] *entirely* new arguments and issues that were not preserved at trial or raised in their prior briefing." (Doc 38, p. 6).

Appellees fundamentally misstate the standard governing whether a sur-reply is warranted by injecting an issue that has no relevance to that determination—namely, whether Appellants preserved certain arguments for appeal. This reasoning is a transparent attempt to distract from the actual procedural inquiry before the Court. The preservation of appellate issues at trial, during jury charge conferences, or in response to the Court's questions has no bearing whatsoever on whether Appellees should be granted leave to file a sur-reply; notwithstanding, Appellants

3

clearly and unequivocally preserved their right to appeal the issue before this court (i.e. whether the district court erred in denying their renewed motion for directed verdict concerning the jury's finding that appellant's were administrative employees as defined by the FLSA and governing Code of Federal Regulations when read in conjunction with the first responder regulation). (Dist. Ct. Dkt. No. 157-1)

Appellees contend that supposedly Appellants Reply Brief raised *entirely* new arguments: (1) that compliance with the Georgia Death Investigation Act ("GDIA") does not equate to "legal/regulatory compliance" under the administrative exemption; (2) that forensic investigators fall on the "production" rather than "administration" side of the FLSA dichotomy; and (3) that the GDIA does not confer discretion and independent judgment.

    To the contrary, Appellants made arguments squarely concerning these issues in their Principal Brief, and after Appellees addressed them in their Response Brief, Appellants properly replied and rebutted those arguments. Appellees' reasoning would produce an untenable result—allowing an appellee to file a sur-reply whenever an appellant provides a thorough and responsive reply brief. Such an approach would effectively punish appellants for engaging in the very advocacy the briefing schedule is designed to permit. Appellants did not raise new arguments; rather, they directly responded to the counterarguments advanced by Appellees, as is both customary and appropriate under the appellate rules. Accordingly, Appellees have failed

4

to demonstrate the compelling circumstances necessary to justify the filing of a sur-reply.

In its principal brief Appellants argued that their duties were manual, field-based, investigative, and not related to legal/regulatory compliance. (Doc. 28, p. 35-36) In Section I(a) of Appellants' principal Brief, Appellants cited 29 C.F.R. § 541.201(a) and cases such as Talbott v. Lakeview Ctr., Inc. to argue that management or general business operations means assisting with the running of the business itself, not carrying out its core functions. (Doc. 28, pgs. 35-36). Appellants emphasized that their duties, such as moving and securing decedents, collecting evidence at scenes, and assisting in autopsies, were manual, field based and investigative, not office or non-manual work, and significantly, not related to the management or general business operations of FPS. (Doc. 28, pg. 36). In turn, Appellees argued the opposite that Appellants primary duties involved the performance of office or non-manual work related to FPS business operations. (Doc. 31, p. 50-61).

Next, the production/administration dichotomy is also an argument raised in Appellants' Principal Brief. Appellants cited § 541.201(a) to distinguish management work from production work, quoting that to meet the requirement that an employee perform work "directly related to the management or general business operations," an employee "must perform work directly related to assisting with the running or servicing of the business, as distinguished, for example, from working on a

5

manufacturing production line or selling a product in a retail or service establishment." (Doc. 28, p. 35).

In their Reply Brief, Appellants appropriately reiterated the analytical framework governing the administrative exemption under 29 C.F.R. § 541.201(a), emphasizing that the investigators' duties were analogous to production-line workers because they generated FPS's core product—collecting evidence, determining statutory jurisdiction, and documenting findings. (Doc. 33, p. 11). Appellants' discussion merely expanded upon this established framework to directly rebut Appellees' contrary characterization of the investigators' work. The Reply did not introduce new arguments; it properly clarified and reinforced the existing analysis in response to points first raised in Appellees' Response Brief.

Likewise, the Principal Brief addressed discretion and independent judgment. Section I(b) cited 29 C.F.R. §541.202(a)-(b) and described how Appellants lacked authority to formulate policies, waive procedures, budgeting, contracting, or commit FPS on any matter of significance. (Doc. 28, p. 37-38). Appellants were not involved in planning short-term or long-term business objectives, nor did they carry out major assignments that affected the direction of FPS's operations. They were required to follow prescribed procedures and seek approval in ambiguous situations, including scenarios arising under the GDIA. In their Response Brief, Appellee's argue that Appellants primarily performed office or non-manual work related to regulatory

6

compliance with the GDIA. (Doc. 31, p. 50- 59).  The Reply's application of this evidence to the GDIA did not introduce a new issue; it responded directly to Appellees' reliance on the Act, pointing out that the Act prescribes investigative steps rather than conferring judgment or authority; therefore, following governing statutes while performing core duties does not transform investigators into a compliance no more than bank tellers, nurses or police officers would be compliance officers as result of being an employee in a regulated field.  (Doc. 33, p. 11-12).

In sum, what Appellees characterize as "new" arguments are, in fact, refinements of issues squarely presented in Appellants' Principal Brief and properly addressed in response to Appellees' Answer Brief. The Reply did not introduce new matters or expand the scope of the appeal; it merely rebutted Appellees' contentions within the confines of established appellate procedure. Because the challenged arguments were first raised in the Principal Brief and later addressed in reply to Appellees' opposition, Appellees have failed to carry their burden of demonstrating any compelling circumstances warranting a sur-reply. Accordingly, this Court must deny Appellees' Motion for Leave to File a Sur-Reply.

Respectfully submitted this 9th day of October 2025.

**HKM EMPLOYMENT ATTORNEYS LLP**

By: /s/ *Jermaine A. Walker*
Jermaine "Jay" A. Walker
Georgia Bar No. 142044
3344 Peachtree Road NE, Suite 800
Office No. 35
Atlanta, GA 30326
(telephone) 404-301-4020
(fax, same #) 404-301-4020
jwalker@hkm.com

By: */s/ Chase Estes*
Chase Estes
Georgia Bar No. 485174
2024 3rd Ave. North, Suite 307
Birmingham, AL 35203
(telephone) 205-855-5284
(fax, same #) 205-855-5284
cestes@hkm.com

**Attorneys for Appellants**

# **CERTIFICATE OF COMPLIANCE**

This document complies with the typeface and style requirements of Federal Rules of Appellate Procedure 32(a)(5) and 32(a)(6); as well as the requirements of Federal Rule of Appellate Procedure 27 and Eleventh Circuit Rules 27.1.

Respectfully submitted this 9th day of October 2025.

**HKM EMPLOYMENT ATTORNEYS LLP**

By: */s/ Jermaine A. Walker*
Jermaine "Jay" A. Walker
Georgia Bar No. 142044
3344 Peachtree Road NE, Suite 800
Office No. 35
Atlanta, GA 30326
(telephone) 404-301-4020
(fax, same #) 404-301-4020
jwalker@hkm.com

By: */s/ Chase Estes*
Chase Estes
Georgia Bar No. 485174
2024 3rd Ave. North, Suite 307
Birmingham, AL 35203
(telephone) 205-855-5284
(fax, same #) 205-855-5284
cestes@hkm.com

**Attorneys for Appellants**

9

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of October 2025 I served the foregoing **APPELLANTS' RESPONSE IN OPPOSITION TO APPELLEES' MOTION FOR LEAVE TO FILE SUR-REPLY** with the Clerk of Court using the CM/ECF system, properly addressed to:

Aaron M. Kappler
Michael B. Pugh
Mishael K. Najm
Thompson O'Brien Kappler & Nasuti, P.C.
2 Sun Court, Suite 400
Peachtree Corners, Georgia 30092
akappler@tokn.com
mpugh@tokn.com
mnajm@tokn.com

Respectfully submitted this 9th day of October 2025.

**HKM EMPLOYMENT ATTORNEYS LLP**

By: /s/ *Jermaine A. Walker*
Jermaine "Jay" A. Walker
Georgia Bar No. 142044
3344 Peachtree Road NE, Suite 800
Office No. 35
Atlanta, GA 30326
(telephone) 404-301-4020
(fax, same #) 404-301-4020
jwalker@hkm.com

By: /s/ *Chase Estes*
Chase Estes
Georgia Bar No. 485174
2024 3rd Ave. North, Suite 307
Birmingham, AL 35203

10

                (telephone) 205-855-5284
                (fax, same #) 205-855-5284
                cestes@hkm.com


**Attorneys for Appellants**